UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-2062

 ANGEL SIERRA-SERPA,

 Plaintiff, Appellant,

 v.

 MANUEL MARTINEZ, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen C. Cerezo, U.S. District Judge]
 

 

 Before

 Selya, Circuit Judge,
 

 Coffin and Campbell, Senior Circuit Judges.
 

 

Carlos V. Garcia Gutierez with whom Guillermo J. Ramos Luina was
 
on brief for appellant.
Carlos Lugo Fiol, Assistant Solicitor General, Department of
 
Justice, with whom Reina Colon De Rodriguez, Acting Solicitor General,
 
was on brief for appellees.

 

 June 15, 1993
 

 Per Curiam. The Supreme Court of Puerto Rico
 

issued its opinion and a judgment on February 5, 1993,

Sierra-Serpa v. Martinez, No. CT-92-344 (P.R. Feb. 5, 1993),
 

responding to the question certified by this court on May 27,

1992. See Sierra-Serpa v. Martinez, 966 F.2d 1 (1st Cir.
 

1992).

 The sole issue in this appeal is whether

plaintiff's 1983 action was barred by Puerto Rico's one

year statute of limitations for tort actions. The district

court held that it was barred and dismissed the action. On

appeal, this court found that the issue turned on whether

Section 3 of Article 40 of the Puerto Rico Code of Civil

Procedure, 32 L.P.R.A. 254, was implicitly repealed when

Article 20 of the Penal Code of 1937 was repealed in 1974.

If Article 40(3) was implicitly repealed, then plaintiff's

action was barred by the statute of limitations and was

properly dismissed. The Puerto Rico Supreme Court stated in

its opinion that Article 40(3) was implicitly repealed,
 

responding in the negative to our question whether, in

essence, Article 40(3) excluded from the applicable

limitations period the time during which plaintiff was

imprisoned. 

 In light of the opinion and judgment of the Supreme

Court of Puerto Rico, we hold that the district court's

 -2-

dismissal of appellant's complaint as time barred is

affirmed. So ordered. 
 

 -3-